**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 219 FOREST STREET, LLC, | ) | Case No. 07-41768-JBR |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C.§ 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure, 219 Forest Street, LLC, the debtor and debtor-in-possession in the above-captioned Chapter 11 proceeding (the "Debtor"), hereby removes to this Court all claims contained in the civil action styled, *David P. Depietri, Robert J. Depietri, Jr., Kimberly Depietri, 219 Forest Street LLC, David P. Depietri, Trustee of the 219 Forest Street Realty Trust, David P. Depietri, Trustee of the 201 Forest Street Realty Trust, 57 East Main Street LLC, David P. Depietri, Trustee of the 57 East Main Street Realty Trust, Thomas S. Zocco, Trustee of the 65 Boston Post Road Realty Trust v. Marcello Mallegni, LBM Financial LLC, Wolfpen Financial, LLC, Michael Norris*, Worcester (Massachusetts) Superior Court Civil Action No. WOCV2007-00665 (the "State Court Action"). As grounds for removal, the Debtor states:

1. On May 9, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Code in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

2. On or about April 6, 2007, the Debtor, among the other plaintiffs, commenced the State Court Action by the filing of a verified complaint (the "Complaint"). The claims contained in the Complaint arise from the defendants' unlawful actions to defraud and extract millions of

Document    Page 2 of 4

dollars from the plaintiffs.  The Complaint contains the following claims:

    a.  <u>Count I</u>:  violations of Mass. Gen. Laws ch. 93A (all defendants);

    b.  <u>Count II</u>:  breach of the covenant of good faith and fair dealing (all defendants);

    c.  <u>Count III</u>:  breach of fiduciary duty (Mallegni and Norris);

    d.  <u>Count IV</u>:  civil conspiracy (all defendants);

    e.  <u>Count V</u>:  deceit (all defendants);

    f.  <u>Count VI</u>:  violation of Massachusetts usury law, Mass. Gen. Laws ch. 271 § 49 (Wolfpen Financial LLC and LBM Financial LLC);

    g.  <u>Count VII</u>:  breach of contract (Wolfpen Financial LLC and LBM Financial LLC);

    h.  <u>Count VIII</u>:  unconscionable loan (Wolfpen Financial LLC and LBM Financial LLC); and

    i.  <u>Count IX</u>:  breach of lease (Norris).

3.    Section 1334 of Title 28 establishes jurisdiction of district courts over bankruptcy cases and certain civil proceedings.  Through 28 U.S.C. § 157(a) district courts are permitted to refer the cases to bankruptcy courts.  <u>See</u> <u>In re Haverhill Tech. Group</u>, 310 B.R. 478, 482 (Bankr. D. Mass. 2004).  Through local rule, the United States District Court for the District of Massachusetts has made such a referral.  <u>Id.</u>; <u>see</u> D. Mass. L.R. 201.

4.    Section 1334 confers original jurisdiction on the district court all civil proceedings "arising under" the Bankruptcy Code, or "arising in" or "related to" bankruptcy cases.  28 U.S.C. § 1334(b).  A proceeding is "related to" a bankruptcy case if the outcome could conceivably have an effect on the bankruptcy case.  <u>See</u> <u>In re Santa Clara County Child Care Consortium</u>, 223 B.R. 40, 44 (1st Cir. BAP 1998); <u>In re Parque Forestal, Inc.</u>, 949 F.2d 504, 509 (1st Cir. 1991); <u>In re G.S.F. Corp.</u>, 938 F.2d 1467, 1475 (1st Cir. 1991); <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir. 1984).  The test employed to determine whether the matter falls

within the jurisdictional grant is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Id. at 45. Removal of the State Court Action is proper because each claim contained in the Complaint, at minimum, relates to the above-captioned Chapter 11 case. See 28 U.S.C. § 1334(b).

5. The claims contained in Counts I, II and IV through VIII of the State Court Action constitute a core matters pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and/or (O) because they are matters concerning (i) the administration of the estate, (ii) the allowance or disallowance of claims by the defendants against the estate, and/or (c) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship.

6. The claims contained in Counts III and IX of the State Court Action (breach of fiduciary duty as against Mallegni and Norris, and breach of lease as against Norris, respectively) are non-core matters under 28 U.S.C. § 157(b). The Debtor and the other plaintiffs consent "to entry of final orders or judgment by the bankruptcy judge" with respect to such counts. Fed. R. Bankr. P. 9027(a).

7. The State Court Action is not a proceeding before a United States Tax Court or a civil action by a governmental unit to enforce a governmental unit's police or regulatory power.

8. This notice of removal is timely pursuant to Rule 9027(b) of the Federal Rules of Bankruptcy Procedure because the notice has been filed "within . . . 90 days after the order for relief in the case under the Code . . . ." Fed. R. Bankr. P. 9027(b)(A).

9. Each of the co-plaintiffs in the State Court Action has assented to the removal of the State Court Action to this Court.

10. Based upon the foregoing, the State Court Action's claims may be removed to this

Court by the Debtor pursuant to 28 U.S.C. § 1452(a).

                          Respectfully Submitted,

                          219 FOREST STREET, LLC
                          By its proposed counsel,

                          /s/ D. Ethan Jeffery
                          Harold B. Murphy (BBO #362610)
                          D. Ethan Jeffery (BBO #631941)
                          HANIFY & KING, P.C.
                          One Beacon Street
                          Boston, MA  02108-3107
                          Tel: (617) 423-0400
                          Fax: (617) 556-8985

Dated: June 4, 2007

475276-v1A