UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>219 FOREST STREET, LLC,<br><br>      Debtor. | Chapter 11<br>Case No. 07-41768 (JBR) |
| DAVID P. DEPIETRI; ROBERT J. DEPIETRI, JR.; KIMBERLY DEPIETRI; 219 FOREST STREET LLC; DAVID P. DEPIETRI, TRUSTEE OF THE 219 FOREST STREET REALTY TRUST; DAVID P. DEPIETRI, TRUSTEE OF THE 201 FOREST STREET REALTY TRUST; 57 EAST MAIN STREET LLC; DAVID P. DEPIETRI, TRUSTEE OF THE 57 EAST MAIN STREET REALTY TRUST; THOMAS S. ZOCCO, TRUSTEE OF THE 65 BOSTON POST ROAD REALTY TRUST,<br><br>      Plaintiffs,<br><br>v.<br><br>MARCELLO MALLEGNI; LBM FINANCIAL, LLC; WOLFPEN FINANCIAL, LLC; MICHAEL NORRIS,<br><br>      Defendants. | Adversary Proceeding No. 07-04078 (JBR) |

**RESPONSE OF MARCELLO MALLEGNI AND LBM FINANCIAL, LLC TO
<u>DEBTOR'S NOTICE OF REMOVAL</u>**

In accordance with Fed.R.Bankr.P. 9027(e)(3), Marcello Mallegni ("Mallegni") and

LBM Financial, LLC ("LBM") submit this response to the allegations contained in the Notice of

Removal filed on behalf of 219 Forest Street, LLC (the "Debtor") on June 4, 2007. Mallegni and

LBM respond to the numbered paragraphs of the Notice of Removal as follows:

1. Mallegni and LBM admit that the Debtor filed its bankruptcy petition on May 9, 2007.

2. Mallegni and LBM admit that the Debtor and eight other plaintiffs filed a Verified Complaint in the Worcester County Superior Court Department of the Massachusetts Trial Court (the "State Court Action") on or about April 6, 2007. Mallegni and LBM deny the Debtor's assertion that the defendants in the State Court Action engaged in "unlawful actions to defraud and extract millions of dollars from the plaintiffs." Mallegni and LBM admit that the Verified Complaint filed in the State Court Action seeks relief in connection with three separate loan arrangements, one of which has nothing to do with the Debtor or its property. In addition, the Verified Complaint contains nine separate counts alleging a number of offenses committed by Mallegni, LBM and two other defendants. The separate counts do not, however, specify which of the nine plaintiffs is pursuing each of the claims and the counts fail to specify the conduct which gives rise to each claim. This lack of specificity prevents Mallegni and LBM from being able to admit or deny that the specific causes of action alleged in each count are either core or non-core proceedings. To the extent a response is required, Mallegni and LBM deny that the claims advanced in the State Court Action are core proceedings. Indeed, all of the claims alleged against Mallegni are non-core proceedings and Mallegni does not consent to the entry of final orders or judgment against him by this Court. To the extent that the claims against LBM are determined to be non-core proceedings, LBM does not consent to the entry of final orders or judgment by this Court.

3. Paragraph 3 of the Notice of Removal contains one or more conclusions of law to which no response is required from Mallegni and LBM.

4.   Paragraph 4 of the Notice of Removal contains one or more conclusions of law to which no response is required from Mallegni and LBM. Mallegni and LBM deny that each claim contained in the Complaint relates to the Debtor's bankruptcy proceeding. They admit that one or more of the counts contained in the State Court Action constitute proceedings either seeking to allow or disallow LBM's claim against the Debtor or raising counterclaims by the Debtor against LBM. With respect to those claims only, Mallegni and LBM admit that the State Court Action constitutes a core proceeding. With respect to all other claims (including, but not limited to, the claims arising out of (a) LBM's loan arrangement with 57 East Main Street Realty Trust, (b) the alleged breaches of fiduciary duty of the members of the Debtor and 57 East Main Street, LLC, and (c) the landlord/tenant-related claims concerning property located at 65 Boston Post Road, Marlborough, Massachusetts), Mallegni and LBM deny that they are core proceedings and they do not consent to the entry of final orders or judgment against them by this Court in connection with those claims.

5.   Mallegni and LBM admit that certain limited aspects of Counts I, II, IV, V, VI, VII, and VIII constitute proceedings either seeking to allow or disallow LBM's claim against the Debtor or raising counterclaims by the Debtor against LBM. To that extent only, Mallegni and LBM admit that the claims advanced in the State Court Action are core proceedings. As to all other claims and causes of action advanced through these Counts, Mallegni and LBM deny that they are core proceedings. Indeed, all of the claims alleged against Mallegni are non-core proceedings and Mallegni does not consent to the entry of final orders or judgment against him by this Court in connection with any of the claims contained in the State Court Action. With respect to any claims against LBM that are non-core, LBM does not consent to the entry of final orders or judgment against it by this Court.

3

6. Mallegni and LBM admit that the claims contained in Counts III and IX of the State Court action are non-core proceedings. Neither Mallegni nor LBM consent to the entry of final orders or judgment against them in connection with these claims.

7. Mallegni and LBM admit the allegations contained in paragraph 7 of the Notice of Removal.

8. Mallegni and LBM admit the allegations contained in paragraph 8 of the Notice of Removal.

9. Mallegni and LBM have no basis upon which to admit or deny the allegations contained in paragraph 9 of the Notice of Removal.

10. Mallegni and LBM deny the allegations contained in paragraph 10 of the Notice of Removal. The Notice of Removal filed by the Debtor was improper because this Court has no jurisdiction over the claims being pursued in the State Court Action, except those claims that seek to allow or disallow LBM's claim against the Debtor or that raise counterclaims by the Debtor against LBM. With respect to all non-core proceedings contained in the State Court Action, Mallegni and LBM do not consent to the entry of final orders or judgment against them.

                Respectfully Submitted,

                MARCELLO MALLEGNI AND LBM
                FINANCIAL, LLC

                By its attorneys,

Dated: June 11, 2007        */s/ Jeffrey D. Ganz*
                Jeffrey D. Ganz (BBO #564375)
                Meegan B. Casey (BBO #648526)
                Riemer & Braunstein LLP
                Three Center Plaza
                Boston, Massachusetts 02108
                (617) 523-9000

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>219 FOREST STREET, LLC,<br><br>                    Debtor. | Chapter 11<br>Case No. 07-41768 (JBR) |
| DAVID P. DEPIETRI; ROBERT J. DEPIETRI, JR.; KIMBERLY DEPIETRI; 219 FOREST STREET LLC; DAVID P. DEPIETRI, TRUSTEE OF THE 219 FOREST STREET REALTY TRUST; DAVID P. DEPIETRI, TRUSTEE OF THE 201 FOREST STREET REALTY TRUST; 57 EAST MAIN STREET LLC; DAVID P. DEPIETRI, TRUSTEE OF THE 57 EAST MAIN STREET REALTY TRUST; THOMAS S. ZOCCO, TRUSTEE OF THE 65 BOSTON POST ROAD REALTY TRUST,<br><br>                    Plaintiffs,<br><br>v.<br><br>MARCELLO MALLEGNI; LBM FINANCIAL, LLC; WOLFPEN FINANCIAL, LLC; MICHAEL NORRIS,<br><br>                    Defendants. | Adversary Proceeding No. 07-04078 (JBR) |

## CERTIFICATE OF SERVICE

I, Jeffrey D. Ganz, hereby certify that on the 11t$^h$ day of June 2007, I caused a copy of the **RESPONSE OF MARCELLO MALLEGNI AND LBM FINANCIAL, LLC TO NOTICE OF REMOVAL** to be served by first class mail, postage prepaid, and, where indicated, by electronic notification through the CM/ECF notification system, upon the following parties:

D. Ethan Jeffrey, Esquire (CM/ECF)  
Hanify & King, PC  
One Beacon Street  
Boston, Massachusetts 02108  

Wolfpen Financial, LLC  
171 Locke Drive  
Marlborough, Massachusetts 01752  

Thomas Butters, Esquire  
Butters Brazilian LLP  
One Exeter Plaza  
Boston, Massachusetts 02116  

Michael J. Norris, Esquire  
171 Locke Drive, Suite 101  
Marlborough, Massachusetts 01752  

*/s/Jeffrey D. Ganz*  
Jeffrey D. Ganz