UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>219 FOREST STREET, LLC,<br><br>           Debtor. | Chapter 11<br>Case No. 07-41768 (JBR) |
| DAVID P. DEPIETRI; ROBERT J. DEPIETRI, JR.; KIMBERLY DEPIETRI; 219 FOREST STREET LLC; DAVID P. DEPIETRI, TRUSTEE OF THE 219 FOREST STREET REALTY TRUST; DAVID P. DEPIETRI, TRUSTEE OF THE 201 FOREST STREET REALTY TRUST; 57 EAST MAIN STREET LLC; DAVID P. DEPIETRI, TRUSTEE OF THE 57 EAST MAIN STREET REALTY TRUST; THOMAS S. ZOCCO, TRUSTEE OF THE 65 BOSTON POST ROAD REALTY TRUST,<br><br>           Plaintiffs,<br><br>v.<br><br>MARCELLO MALLEGNI; LBM FINANCIAL, LLC; WOLFPEN FINANCIAL, LLC; MICHAEL NORRIS,<br><br>           Defendants. | Adversary Proceeding No. 07-04078 (JBR) |

## MOTION OF MARCELLO MALLEGNI AND LBM FINANCIAL, LLC
## TO REMAND OR OTHERWISE ABSTAIN

Marcello Mallegni and LBM Financial, LLC (collectively, "Mallegni and LBM"), hereby

move this Honorable Court to remand this adversary proceeding to the Worcester County

Superior Court Department of the Massachusetts Trial Court (the "State Court") or to otherwise

abstain from hearing the matter. As grounds for this motion, Mallegni and LBM state that this

Court does not have jurisdiction over the bulk of the claims asserted in the Complaint. They are

based wholly in state law and the outcome of the claims will have no conceivable effect on the

bankruptcy estate of 219 Forest Street, LLC (the "Debtor"). Jurisdiction over these claims is <u>not</u>

conferred by the mere inclusion of one or more claims which may be core proceedings. The

existence of one or more core proceedings also does not preclude remand of all claims on

equitable grounds. If this Court is not inclined to remand the entire action, it should abstain from

hearing the claims over which it would otherwise have jurisdiction.

### **FACTUAL BACKGROUND**

1.      The Debtor filed a Voluntary Petition in this Court on May 9, 2007 (the "Petition

Date").

2.      LBM is a creditor of the Debtor who has filed a proof of claim in the amount of

$5,003,243.38. This claim represents the amounts due and owing pursuant to two loan

arrangements between LBM and 219 Forest Street Realty Trust, whose sole beneficiary was the

Debtor.

3.      The first loan arrangement is evidenced by, *inter alia*, a promissory note in the

amount of $236,738.82 dated March 20, 2001 executed and delivered by David Depietri, Trustee

of 219 Forest Street Realty Trust, David Depietri, individually, and Robert Depietri, Jr. (the

"March 2001 Note").

4.      The second loan arrangement is evidenced by, *inter alia*, a promissory note in the

amount of $1,733,632.35 dated December 4, 2002 executed and delivered by David Depietri,

Trustee of the 219 Forest Street Trust (the "December 2002 Note").

5.      The amounts due under these obligations are guaranteed by David Depietri,

Robert Depietri, Jr. and 201 Forest Street Realty Trust. In addition, the obligations of 201 Forest

Street Trust to LBM are secured by a mortgage on 201 Forest Street, Marlborough,

Massachusetts. The March 2001 Note and the December 2002 Note are both secured by mortgages on 219 Forest Street, Marlborough, Massachusetts ("219 Forest Street").

6.      In 2001, LBM entered into a separate loan arrangement with 57 East Main Street Trust whose sole beneficiary is 57 East Main Street, LLC. This loan arrangement is evidenced by, *inter alia*, a promissory note dated August 16, 2001, which is guarantied by David P. Depietri and Robert Depietri, Jr. and secured by a mortgage on the real property known as 57 East Main Street, Westborough, Massachusetts ("57 East Main Street"). The 57 East Main Note came about as a result of the refinancing of an earlier Note that 57 East Main Street Trust executed and delivered on February 16, 1999 ("February 1999 Note").

7.      Several years prior to the Petition Date, the March 2001 Note, the December 2002 Note and the 57 East Main Street Note matured, but as of the Petition Date the notes had not been paid in full. As a result, LBM scheduled foreclosure sales on 219 Forest Street, 201 Forest Street and 57 East Main Street.

8.      On April 6, 2007, the Debtor and eight other parties filed the original complaint in this matter (the "Complaint"), which included a jury demand, in the State Court (the "State Court Action"). Upon filing, the plaintiffs moved for a preliminary injunction barring LBM from conducting the foreclosure sales.

9.      In addition to the Debtor, the plaintiffs include 57 East Main Street, LLC, 57 East Main Street Realty Trust, David P. Depietri (a member of the Debtor and of 57 East Main Street, LLC), Robert J. Depietri, Jr. (a member of 57 East Main Street, LLC ), Kimberly Depietri (a member of the Debtor), David P. Depietri as Trustee of the 219 Forest Street Realty Trust, David P. Depietri as Trustee of the 201 Forest Street Realty Trust, and Thomas S. Zocco as Trustee of the 65 Boston Post Road Realty Trust.

10.    In addition to LBM and Mallegni, the complaint seeks relief against Wolfpen Financial, LLC ("Wolfpen") and Michael Norris (counsel to LBM and Wolfpen).  Wolfpen is a member of the Debtor holding a 40% ownership interest.

11.    The Complaint sets forth nine counts against some or all of the defendants for (1) violations of the Massachusetts Unfair and Deceptive Trade Practices Statute, G.L. c. 93A, (2) breach of the covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) civil conspiracy, (5) deceit, (6) violation of the Massachusetts Usury Law, G.L. c. 271, § 49, (7) breach of contract, (8) unconscionable loan, and (9) breach of lease.

12.    The counts fail to specify which of the nine plaintiffs is pursuing which count.  In addition, the factual basis for each count is not specified within the counts themselves.  As a result, the Defendants are left to speculate about which plaintiffs are alleging which facts they alleged caused them harm.  The causes of action appear to arise out of the following claims:

a.    Claims challenging the amount due under the March 2001 Note and the December 2002 Note;

b.    Claims that Wolfpen committed wrongful acts in conjunction with certain loan arrangements satisfied by 219 Forest Street Realty Trust no later than March 20, 2001;

c.    Disputes between the members of 219 Forest Street, LLC;

d.    Claims that LBM violated the Massachusetts usury laws in regard to the 57 East Main Street Note;

e.    Claims that LBM committed wrongful acts in conjunction with the 57 East Main Street Note;

f.    A dispute over the amounts due and owing under the 57 East Main Street Note;

g.    Claims that LBM violated the Massachusetts usury laws in conjunction with the February 1999 Note;

h.    A dispute over capital contributions between the members of 57 East Main Street, LLC;

i.    A breach of fiduciary duty claim against Mallegni as a member of 57 East Street, LLC;

j.    A claim that Michael Norris breached his lease with 65 Boston Post Road Realty Trust;

k.    Claims that Michael Norris breached his alleged fiduciary duty to various plaintiffs.

13.    On April 24, 2007, the Massachusetts Superior Court denied the Plaintiffs' Request for Preliminary Injunction which sought to enjoin the foreclosure sales in its entirety stating that "this court is not persuaded that the moving party stands a reasonable likelihood of success on the merits."

14.    On May 9, 2007, the day before the foreclosure sale of 219 Forest Street, the 219 Forest Street Trust transferred the property to the Debtor who, that same day, filed the petition which commenced this bankruptcy proceeding.

15.    On June 4, 2007, the Debtor filed a notice removing the State Court Action to this Court.

## **ARGUMENT**

This Court does not have jurisdiction to hear the majority of the claims contained in the Complaint. The causes of action related to the 57 East Main Street Note, the dispute among the members of the Debtor, the dispute among the members of 57 Main Street, LLC, and the claims relating to 65 Boston Post Road and Michael Norris will have no conceivable effect upon the Debtor's bankruptcy estate. They are solely state law claims brought by and against non-debtors with no connection to this bankruptcy proceeding. Because this Court lacks jurisdiction over these claims, it must remand these claims to the State Court. While this Court may be able to exercise jurisdiction over that portion of the Complaint challenging the amount due under LBM's claim against the Debtor, the Court should remand the entire matter to State Court or otherwise abstain from hearing the matter.

**A.    Removal of the Action Was Improper as The Bankruptcy Courts Lack Jurisdiction Over Numerous Claims in the Complaint**

   **1.    The Bankruptcy Court's Jurisdiction**

Bankruptcy courts are courts of limited jurisdiction. See Nickless v. Aaronson (In re: Katz), 341 B.R. 123, 127 (Bankr. D. Mass. 2006). Removal of a claim or cause of action from a state court to bankruptcy court[1] is only proper if the bankruptcy court has jurisdiction over the claim pursuant to 28 U.S.C. § 1334. See 28 U.S.C. § 1452(a). In the event that removed claims do not fall within the scope of 28 U.S.C. §1334, then the Court must remand the claims to the

---

[1] Although 28 U.S.C. § 1334 refers to the "district court," 28 U.S.C. § 157(a) permits each district court to refer all cases under Tile 11 of the United States Code, and proceedings arising under, arising in or related to a case under Title 11, to the bankruptcy judge for the district. Pursuant to the United States District Court for the District of Massachusetts Local Rule 201, the United State District Court for the District of Massachusetts has referred all such cases to the United States Bankruptcy Courts for the District of Massachusetts.

state court.  In re: Santa Clara County Child Care Consortium, 223 B.R. 40, 44 (B.A.P. 1st Cir.

1998).

      Section 1334, in conjunction with 28 U.S.C. § 157(a) and Rule 201 of the United States

District Court for the District of Massachusetts, grants the bankruptcy courts original and

exclusive jurisdiction over all cases "under title 11." They also grant original jurisdiction over

civil proceedings "arising under title 11, or arising in or related to cases under title 11." See 28

U.S.C. § 1334 (a), (b); New England Power & Marine, Inc., v. Town of Tyngsborough (In re:

Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 66 (1st Cir. 2002); Nickless v. Aaronson,

341 B.R. at 127.  Proceedings "arising under" title 11 are those that involve a "cause of action

created or determined by a statutory provision of the Bankruptcy Code."  New England Power &

Marine, Inc., 292 F.3d at 66; In re: Santa Clara County Child Care Consortium, 223 B.R. at 43

n.2 (citation omitted); Nickless v. Aaronson, 341 B.R. at 127.  Proceedings "arising in" a

bankruptcy case are "those that are not based on any right expressly created by title 11, but

nevertheless, would have no existence outside of bankruptcy."  In re: Santa Clara County Child

Care Consortium, 223 B.R. at 43 n.2 (citation omitted); Nickless v. Aaronson, 341 B.R. at 127.

Proceedings "arising under" and "arising in" Title 11 are core proceedings over which the

bankruptcy court has jurisdiction. See Nickless v. Aaronson, 341 B.R. at 127.  An illustrative list

of core proceedings over which the bankruptcy courts have jurisdiction to enter final orders and

judgments is contained in 28 U.S.C. § 157(b)(2).

      Claims which are "related to" cases under title 11 are said to be non-core proceedings

"whose outcome could conceivably have an effect on the bankruptcy estate, and which (1)

involve causes of action owned by the debtor that become property of a title 11 estate under

§ 541, or (2) are suits between third parties which 'in the absence of bankruptcy, could have been

brought in a district court or a state court.'" In re: Santa Clara County Child Care Consortium,

223 B.R. at 44. See also Nickless v. Aaronson, 341 B.R. at 127-128. To determine whether a

matter is related to a case under Title 11, courts consider whether "the outcome of that

proceeding could conceivably have any effect on the estate being administered in bankruptcy."

Id. at 45 (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 993 (3rd Cir. 1984)); In re: G.S.F. Corp.,

938 F.2d 1467, 1475 (1st Cir. 1991). Bankruptcy courts may exercise jurisdiction over non-core

proceedings but may not enter final orders or judgment absent consent of the parties. 28

U.S.C.§ 157(c), Nickless v. Aaronson, 341 B.R. at 128.

**2.      This Court Does Not Have Jurisdiction to Hear the Majority of the Claims in the Complaint**

The Debtor's Notice of Removal asserts that most of the claims in the complaint are core

proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(B), (C) and (O) which concern: (i) the allowance

or disallowance of claims against the estate; (ii) counterclaim of the estate against persons filing

claims against the estate; and (iii) other proceedings affecting the liquidation of the assets of the

estate or the adjustment of the debtor-creditor relationship. See 28 U.S.C. § 157(b)(2)(B), (C)

and (O). Despite the Debtor's claims, the majority of the claims in the Complaint will have no

conceivable effect on the Debtor's bankruptcy estate. Therefore, the claims are outside of the

jurisdiction of this Court and must be remanded to State Court. More specifically, the Complaint

contains claims pertaining to the following issues which have nothing to do with this bankruptcy

proceeding:

> (i) the loan arrangement between LBM and 57 East Main Street Realty Trust;
>
> (ii) the lease between the 65 Boston Post Road Realty Trust and Michael Norris;
>
> (iii) the relationship between the members of 57 East Main Street, LLC;
>
> (iv) the relationship between the members of the Debtor; and

8

(v) the alleged relationship between certain plaintiffs and Michael Norris.

The Debtor has no stake in the outcome of any of these claims. Although certain of the claims in the Complaint may be construed as challenging the amount or validity of LBM's claims against the Debtor, the existence of these claims does not confer jurisdiction over the unrelated claims which comprise the bulk of the Complaint. See Southern Marine and Industrial Services, Inc., 159 B.R. at 86 (remanding entire state court matter, even core proceedings along with non-core matters which involved non-debtor defendants). These claims will neither affect the assets available to the Debtor's creditor nor the liabilities the Debtor owes. Because the resolution of these claims will have no effect on the bankruptcy estate, this Court does not have jurisdiction under 28 U.S.C. § 1334 and the Court must remand the claims to State Court. See In re Santa Clara County Child Care Consortium, 223 B.R. at 44.

**B.    Equity Requires That This Court Remand The Entire State Court Action**

A bankruptcy court may also remand claims over which it has jurisdiction on "any equitable ground." See 28 U.S.C. 1452(b). The factors courts look to in determining whether equitable remand is warranted are "(1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court." See Cenith Partners, L.P. v. Hembrect & Quist, Inc. (In re: VideOcart, Inc.), 165 B.R. 740, 744 (Bankr. D. Mass. 1994) (citations omitted); In re: Santa Clara County Child Care Consortium, 223 B.R. at 46 (citations omitted). See also Southern Marine and Industrial Services, Inc. v. AK Engineering, Inc. (In re AK Services, Inc.), 159 B.R. 76, 80 (Bankr. D. Mass. 1993) (discussing a similar test).

9

Applying these factors to the claims raised in the Complaint demonstrates that an equitable remand of the claims over which this Court may have jurisdiction is warranted. In fact, if those claims are litigated in this Court, the case will likely delay the administration of the bankruptcy in what should otherwise be a straight forward single asset real estate case. LBM, Mallegni and the other defendants dispute the claims asserted against them and will defend this case vigorously. As such, the resolution of this case in this Court will drain the Debtor's limited assets and the resources of this Court for the primary benefit of a group of non-debtors. Further, there is no question that state law predominates the Complaint. The Complaint contains counts for (1) violations of the Massachusetts Unfair and Deceptive Trade Practices Statute, G.L. c. 93A, (2) breach of the covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) civil conspiracy, (5) deceit, (6) violation of the Massachusetts Usury Law, G.L. c. 271, § 49, (7) breach of contract, (8) unconscionable loan, and (9) breach of lease. It contains no bankruptcy or other federally derived claims. While this Court can effectively adjudicate the state law claims over which it has jurisdiction, it should not expend its resources in doing so when the State Court is just as able to determine these claims.

It should also be noted that the Plaintiffs, in filing the State Court Action, demanded a jury trial, a right to which they could not avail themselves in this Court. Given that the Debtor has not withdrawn its claim to a jury trial and the Defendants themselves may very well insist on a jury, this factor weighs in favor of equitable remand to afford the defendants their jury right. See Southern Marine and Industrial Services, Inc., 159 B.R. at 86 (remanding entire state court matter, even core proceedings along with non-core matters which involved non-debtor defendants). Indeed, no factor militates in favor of this Court retaining all of the claims and therefore the Complaint should be remanded.

10

**C.      In the Alternative, This Court Should Abstain From Hearing This Matter**

If this Court is not inclined to remand this action in its entirety, the Court should abstain from hearing the core proceedings over which it has jurisdiction.  Pursuant to 28 U.S.C. § 1334(c)(1) a court <u>may</u> abstain from hearing a proceeding over which it may have jurisdiction under 28 U.S.C. 1334(a) or (b) "in the interest of justice, or in the interest of comity with State courts or respect for State law."  <u>See</u> 28 U.S.C. § 1334(c)(2). [2]

The United States Bankruptcy Court for the District of Massachusetts articulated the following twelve factors pertinent to a decision to voluntarily abstain from a proceeding, some of which are similar to the factors involved in the decision to remand: "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of ... [the] ... docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties."  <u>In re: AK Services, Inc.</u>, 159 B.R. at 80 (citing <u>In re: Republic Reader's</u>

---

[2] 28 U.S.C. § 1334 (c)(2) governs mandatory abstention which applies only to non-core proceedings.  <u>See</u> 28 U.S.C. § 1334(c)(2); <u>Southern Marine and Industrial Services, Inc. v. AK Engineering, Inc. (In re: AK Services, Inc.</u>, 159 B.R. 76, 80 (Bankr. D. Mass. 1993).  Since this case involves either core claims or claims over which this Court has no jurisdiction, mandatory abstention is not applicable.

Serv., Inc., 81 B.R. 422 (Bankr. S.D. Tex. 1987)); Safety Medical Supply Int'l v. Guardian Tech.
Inc. (In re: Safety Medical Supply Int'l, Inc.), 334 B.R. 13, 19 (Bankr. D. Mass. 2005).

  The balance of the above twelve factors weighs in favor of this Court abstaining from this
matter.  Since the Complaint was recently filed, and no parallel state court action currently exists,
either the state court or the bankruptcy court could efficiently resolve these matters, especially
since no novel issues of state law are present.  However, this Court simply does not have
jurisdiction to hear the majority of the claims presented in the Complaint.  The lack of
jurisdiction establishes that the claims are far too remote from the bankruptcy proceeding to be
heard in this court and suggests that the Debtor may have been engaged in forum shopping in
removing this action after the State Court denied its request for a preliminary injunction, critical
of the merits of its claims.  Further, the majority of the parties included in the Complaint are non-
debtors.  While the Court may have jurisdiction over challenges to the amount due to LBM, if it
chose to exercise jurisdiction over these claims, it could easily sever them from the remainder of
the claims over which it has no jurisdiction.  This may also enable the Plaintiffs and Defendants
to pursue a jury trial in the State Court.  However, based on an analysis of all of the factors,
abstention over the claims this Court could hear is warranted.

## CONCLUSION

  Because the Court does not have jurisdiction over the majority of the claims in the
Complaint it must remand these claims to the State Court.  In addition, because an analysis of the
factors pertaining to equitable remand and permissive abstention both favor this Court declining
to hear the portion of the State Court Action over which it may have jurisdiction, this Court
should remand or otherwise abstain from hearing all claims.

WHEREFORE, Marcello Mallegni and LBM Financial, LLC request that this Honorable

Court remand this matter in its entirety to the Massachusetts Superior Court for Worcester

County or otherwise abstain from hearing the matter.

Respectfully Submitted,

Dated: June 15, 2007

MARCELLO MALLEGNI AND LBM
FINANCIAL, LLC,

By its attorneys,

/s/ *Meegan B. Casey*
Jeffrey D. Ganz (BBO #564375)
Meegan B. Casey (BBO #648526)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>219 FOREST STREET, LLC,<br><br>          Debtor.<br>———————————————————<br>DAVID P. DEPIETRI; ROBERT J. DEPIETRI, JR.; KIMBERLY DEPIETRI; 219 FOREST STREET LLC; DAVID P. DEPIETRI, TRUSTEE OF THE 219 FOREST STREET REALTY TRUST; DAVID P. DEPIETRI, TRUSTEE OF THE 201 FOREST STREET REALTY TRUST; 57 EAST MAIN STREET LLC; DAVID P. DEPIETRI, TRUSTEE OF THE 57 EAST MAIN STREET REALTY TRUST; THOMAS S. ZOCCO, TRUSTEE OF THE 65 BOSTON POST ROAD REALTY TRUST,<br><br>          Plaintiffs,<br><br>v.<br><br>MARCELLO MALLEGNI; LBM FINANCIAL, LLC; WOLFPEN FINANCIAL, LLC; MICHAEL NORRIS,<br><br>          Defendants. | Chapter 11<br>Case No. 07-41768 (JBR)<br><br><br><br>Adversary Proceeding No. 07-04078 (JBR) |

## CERTIFICATE OF SERVICE

I, Meegan B. Casey, Esquire hereby certify that on the 15th day of June, 2007, I caused a copy of the **MOTION OF MARCELLO MALLEGNI AND LBM FINANCIAL, LLC TO REMAND OR OTHERWISE ABSTAIN** to be served by either electronic notification (EN) or by first class mail, postage prepaid on the following:

D. Ethan Jeffrey, Esquire (EN)
Hanify & King, PC
One Beacon Street
Boston, Massachusetts 02108

Thomas Butters, Esquire
Butters Brazilian LLP
One Exeter Plaza
 Boston, Massachusetts 02116

*/s/Meegan B. Casey*
Meegan B. Casey

1016314.3

14